# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Civil Action No. 23-cv-01917-NYW-STV

JACOB L. LEWIS,

    Plaintiff,

v.

MOSES STANCIL,
CORECIVIC, INC.,
LOUIS CABLING,
REBECCA WALTERS,
TEJINDER SINGH,
STEVEN MATHEWS,
HEATHER TRUJILLO,
ECHINEAS RONETTE,
MARIA CARDENAS, and
ASPEN HAUPEMAN,[1]

    Defendants.

---

## ORDER ON MOTION TO DISMISS

---

This matter is before the Court on Defendant Moses Stancil's Motion to Dismiss Plaintiff's Seventh Amended Complaint (the "Motion" or "Motion to Dismiss"). [Doc. 179].

---

[1] The caption of the Seventh Amended Complaint lists only "MOSES STANCIL, Executive Director of the Colorado Department of Correct [sic], et al." as a Defendant. [Doc. 168 at 1]. The Federal Rules of Civil Procedure require that a complaint's caption name all parties to the case. Fed. R. Civ. P. 10(a); *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011) ("[A] caption to a complaint must include the names of all parties."). Plaintiff's failure to do so injects confusion into these proceedings, as he lists Maria Cardenas as a Defendant in the pleading's opening paragraph, *see* [Doc. 168 at 1], but fails to include Ms. Cardenas in his paragraphs listing the Defendants (though he includes Defendant Echineas Ronette in the list twice), *see* [*id.* at ¶¶ 9–10]. Although Plaintiff was represented by counsel in the filing of the Seventh Amended Complaint and is thus not entitled to a liberal construction of his pleading, *see Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007), the Court will construe this lawsuit as naming all of the individuals listed in the opening paragraph as Defendants.

The Court has reviewed the Motion and applicable case law. For the reasons set forth below, the Motion to Dismiss is respectfully **GRANTED**.

## BACKGROUND

Plaintiff Jacob L. Lewis ("Plaintiff" or "Mr. Lewis") is currently incarcerated within the Colorado Department of Corrections ("CDOC"). [Doc. 168 at ¶ 14]. Broadly, he alleges that CDOC officials failed to test him for a virus, which caused the virus to remain untreated or improperly treated. [*Id.* at ¶¶ 16–25]. The lack of proper treatment caused Plaintiff's symptoms to worsen and his condition to deteriorate. [*Id.* at ¶¶ 41–45].

Mr. Lewis filed this case pro se on July 27, 2023. [Doc. 1]. He then filed a First Amended Complaint, a Second Amended Complaint, and a Third Amended Complaint, each of which were ordered by the Honorable Susan Prose. *See* [Doc. 3; Doc. 6; Doc. 8; Doc. 12; Doc. 15; Doc. 17]. He later filed a Fourth Amended Complaint, [Doc. 28], and a Fifth Amended Complaint, [Doc. 29].[2] Then, on August 1, 2024, the Honorable Scott T. Varholak granted Plaintiff's pro se motion to amend and permitted Plaintiff to file a Sixth Amended Complaint. [Doc. 122; Doc. 124]. On August 16, 2024, pro bono counsel was appointed to represent Mr. Lewis, [Doc. 129; Doc. 147], and Plaintiff—through counsel—filed his Seventh Amended Complaint on February 13, 2025, [Doc. 168]. He names a number of individuals as Defendants, including Defendant Moses Stancil ("Defendant Stancil"), the Executive Director of the CDOC. [*Id.* at 1].

Relevant to the pending Motion, Plaintiff asserts two claims against Defendant

---

[2] On January 23, 2024, this Court construed Plaintiff's Fourth Amended Complaint as his one permitted amendment as a matter of right under Rule 15. [Doc. 47 at 1]. The Court simultaneously accepted the Fifth Amended Complaint for filing, despite the fact that Plaintiff had not obtained leave of Court to file another amended pleading, but warned Plaintiff that any further amendments must comply with the Federal Rules. [*Id.* at 2].

Stancil under 42 U.S.C. § 1983:  (1) a Fourteenth Amendment equal protection claim and (2) an Eighth Amendment deliberate indifference claim.  [*Id.* at ¶¶ 81–93].  Plaintiff does not indicate whether he sues Defendant Stancil in his individual or official capacity.  *See* [*id.*].  However, because the Seventh Amended Complaint seeks only money damages, *see* [*id.* at 14], and because money damages are only available against individual defendants, the Court construes the claims against Defendant Stancil as asserted against him in his individual capacity only,[3] *see Brown v. Montoya*, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.").

On April 10, 2025, Defendant Stancil filed his Motion to Dismiss.  [Doc. 179].  He argues, inter alia, that he is entitled to qualified immunity against Plaintiff's claims.  [*Id.* at 3–5].  Plaintiff did not respond to the Motion to Dismiss, and the time to do so has elapsed.

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted).  The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*,

---

[3] Defendant Stancil construes the claims in the same way.  *See* [Doc. 179 at 2 n.2]. Because Plaintiff did not respond to the Motion to Dismiss, the Court infers that Plaintiff takes no issue with this construction of his claims.  In any event, any argument in opposition to this construction has been waived.

550 U.S. 544, 555 (2007).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## ANALYSIS

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)).  A motion to dismiss based on qualified immunity creates a presumption of immunity.  *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022).  Therefore, when a defendant raises qualified immunity as a defense, the burden shifts to the plaintiff to demonstrate that the defense is inapplicable.  *Hunt v. Montano*, 39 F.4th 1270, 1284 (10th Cir. 2022).  To rebut an assertion of qualified immunity, the plaintiff must establish "(1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct."  *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010) (quotation omitted).  "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."  *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

By not responding to the Motion, Plaintiff has made no effort to overcome the presumption of qualified immunity.  He has not demonstrated that his allegations show a violation of a constitutional statutory right; nor has he shown, through citations to legal authority, that any violated right was clearly established at the time of Defendant Stancil's conduct.  Accordingly, the Court "*must* grant the defendant qualified immunity."  *Id.* (emphasis added); *see also Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013)

(affirming grant of summary judgment in defendants' favor where the plaintiff did not respond to qualified immunity argument and "failed to carry the burden assigned him by law"); *Lewis v. Cortes*, No. 23-cv-03088-EFM-GEB, 2024 WL 4903805, at *3 (D. Kan. Nov. 27, 2024) (granting defendants' motion for summary judgment on qualified immunity grounds where the plaintiff did not file a response did not "direct[] the Court to any arguments or authority to rebut" the defendants' assertion). Because Plaintiff has not met his burden to overcome the assertion of qualified immunity, the Motion to Dismiss is **GRANTED** and Plaintiff's claims against Defendant Stancil are **DISMISSED with prejudice**.[4]

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Defendant Moses Stancil's Motion to Dismiss Plaintiff's Seventh Amended Complaint [Doc. 179] is **GRANTED**;

(2) Plaintiff's claims against Moses Stancil are **DISMISSED with prejudice**; and

(3) The Clerk of Court shall terminate Moses Stancil as a Party in this case.

DATED: October 14, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge

---

[4] *See Clark v. Wilson*, 625 F.3d 686, 692 (10th Cir. 2010) (instructing the district court to dismiss claim on qualified immunity grounds "with prejudice"); *Chaney-Snell v. Young*, 98 F.4th 699, 710 (6th Cir. 2024) ("When qualified immunity bars a § 1983 claim, the court should dismiss the claim *with prejudice* to any later refiling.").